Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
626 South Third Street
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Defendant

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | ) |
| | ) Case No. 09-26137-**BAM** |
| WALTER A. WALTERS, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| ——————————————— | ) Adversary Proceeding No.: 09-1285-BAM |
| | ) |
| DANIEL and GLORIA LORTI, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| WALTER A. WALTERS, | ) |
| | ) |
| Defendant. | ) |
| ——————————————— | ) |

### <u>MOTION TO DISMISS COMPLAINT</u>

Walter A. Walters (the "**Defendant**") by and through his attorneys, The Schwartz Law Firm, Inc., submits his Motion to Dismiss (the "**Motion**") the Complaint (the "**Complaint**").

This Motion is based upon Federal Rule of Civil Procedure 12(b)(6), incorporated herein by Bankruptcy Rule 7012, the exhibits attached hereto, and all papers and pleadings on file herein.

## FACTUAL BACKGROUND

1.      On August 31, 2009 (the "**Petition Date**"), the Defendant filed his petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").

2.      Mr. Walters was forced to file bankruptcy because of the drop in the value of his real estate holdings stemming from the fall in the economy in general and the Las Vegas real estate market in particular.

3.      Mr. Walters helped find investment properties for a number of investors, including Daniel Lorti and Gloria Lorti (collectively, the "**Lortis**," or the "**Plaintiffs**"), for the last twenty years.

4.      The Lortis first became investors in the Defendant in 2003.   The Lortis are sophisticated hard money lenders, who routinely made loans to various individuals, generally secured by real estate.

5.      For approximately 5 years, the Defendant made routine payments to the Lortis in connection with their investments.  Due to the economic downturn in the United States generally, and the real estate markets in California and Nevada specifically, in late 2008, many of the properties securing the Lortis investments fell into disrepair and foreclosure.  The Lortis are aware of each investment in which their loans were foreclosed as the equity in those properties was lost.

6.      The Lortis did not express displeasure with Mr. Walters' investments until late 2008 when he was no longer able to continue his payments.

7.      At this point, the Lortis investigated Mr. Walters investment activities and alleged those investments did not comport with the understanding between the parties.

8.      The conveyances the Lortis complain of in the Complaint were available through a search of public records prior to 2008.

9.      The Lortis have not provided any contracts to support their allegations.

10.     In August 2009, however, a complaint was filed against the Defendant in Nevada state court by the Lortis to appoint a receiver over certain of the Defendant's properties.  A settlement among the parties could not be reached.  Accordingly, the Defendant elected to file this Chapter 11 case in order to provide one venue for all creditors to resolve their claims and receive equal treatment.

11.     On October 7, 2009, the Plaintiffs filed a Complaint initiating this adversary proceeding.

**Plaintiff's Complaint Should be Dismissed Because the Plaintiffs
Failed to State a Claim For Fraud Against the Defendant**

12.     Federal Rule of Civil Procedure 12(b)(6), made applicable here by Bankruptcy Rule 7012, authorizes the Court to dismiss the Complaint for failure to state a claim upon which relief can be granted.  It is well established that "[d]ismissal is proper under Rule 12(b)(6) [where] it appears beyond doubt that the non-movant can prove no set of facts to support its claims."  Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004).  To survive a motion to dismiss, a complaint must be pled showing plaintiff's entitlement to relief.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1664-66 (2007).  This "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Id., citing, C. Wright & A. Miller, Federal Practice and Procedures § 1216, pp. 235-36 (3d ed. 2004).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id.  When faced with a motion to dismiss, the court must accept the well-pleaded factual allegations of the complaint as true, and reasonable inferences must be drawn in the plaintiff's

favor.  Tellabs, Inc. v. Makor Issues & Rights. Ltd., 127 S.Ct. 2499, 2509 (2007).

13.    Only "fair" inferences arising from the pleading, however, must be accepted by the court.  Simpson v. Mars, Inc., 929 P.2d 966-967 (D. Nev. 1997).  Bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.  See G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group. Inc., 460 F.Supp.2d 1246, 1261 (D. Nev. 2006); Sprewell v. Golden State Warriors, 266 F.3d 978, 988 (9th Cir. 2001).  The court is not required "to accept as true allegations that are merely conclusory," "unwarranted deductions of fact, or unreasonable inferences."  Sprewell, 266 F.3d at 988.  "Courts will not assume the truth of legal conclusions merely because they are cast in the form of factual allegations," and will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated .... laws in ways that have not been alleged."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003), accord, Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

14.    A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  When the defense of the statute of limitations appears on the face of the complaint, a motion to dismiss for failure to state a claim is proper.  Keller v. Snowden, 87 Nev. 488, 489 P.2d 90 (Nev. 1971).

**The Plaintiffs Did Not Properly Plead Fraud**

15.    The Plaintiffs allege fraud in their Complaint but do not plead fraud with specificity as required.  Fed. R. Civ. P. 9(b), made applicable here by Fed. R. Bankr. P. 7009.  In Wohlers v.

*Bartgis*, 114 Nev. 1249, 969 P.2d 949 (1999), the Nevada Supreme Court set forth the elements of fraud as follows:

>      (1)     A false representation made by the defendant; (2) defendant's know-ledge or belief that the representation is false (or insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance.

*See also Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 825 P.2d 588, 592 (1992).

16.     Pursuant to Rule 9(b), allegations of fraud must be stated "with particularity."  This heightened pleading standard serves the important purpose of "alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."  *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1370-71 (11th Cir. 1997).  Thus, the complaint must set forth the fraudulent behavior alleged, the time and place of the behavior, the person responsible for the behavior, the manner in which the behavior misled the plaintiff and what the defendants obtained as a consequence of the fraud.  *Id*. at 1371.  In other words, Rule 9(b) requires plaintiffs to allege the "who, what, where and when" of the alleged violation.  Furthermore, the Nevada Supreme Court has stated that  "with particularity" means specifying "the time, the place, the identity of the parties involved, and the nature of the fraud…"  *Brown v. Kellar*, 97 Nev. 582, 583, 636 P.2d 874 (1981).

17.     Plaintiffs' Complaint fails to specifically identify the time, the place, the identity of the parties involved, and the nature of the fraud.  Furthermore, Plaintiffs fail to state with particularity which of Defendant's statements were false and why they were false.  Rather, the Complaint includes bland and general statements alleging that Defendant made false representations to Plaintiffs.

18.     In addition, Plaintiffs' allegations are open-ended and of the catch-all variety.  The

Plaintiffs do not demonstrate conduct by the Defendant that caused them to act or refrain from acting in reliance upon the alleged misrepresentations. Rather, the Plaintiffs retroactively smear the Defendant for their business losses, without any facts to support their contention that Defendant acted beyond the scope of their agreement. Indeed, the Plaintiffs produce no agreements between the parties whatsoever. Absent the agreements, the Plaintiffs can prove no set of facts supporting fraud.

19.    The Plaintiffs are vague where specificity is required, therefore, no facts appear in this case to show fraud or dishonesty or impropriety. Accordingly, the claim of fraud against the Defendant should be dismissed.

**There Is No Fiduciary Relationship Between the Defendant and the Lortis**

20.    The Lortis attempt to lump a breach of fiduciary duty claim with their fraud claim. See Complaint, p. 2. This is not possible as the Lortis never explain what the fiduciary relationship between the parties consists of and what the Defendant's obligations to them were. In addition, the Lortis breach of fiduciary duty claims are devoid of any factual content as they never state which fiduciary obligations were breached, or how they were breached. Rather, the Lortis make bland and general allegations concerning the conduct of the Defendant that somehow resulted in a breach of a fiduciary obligation.

21.    The Parties were involved in transactions wherein the Defendant paid the Plaintiffs periodically for the money they provided him for real estate investments. This was the arrangement as demonstrated by the facts presented by the Lortis. Once the economy went into a tailspin, the Defendant, similar to many involved in the real estate business, was no longer able to meet his debt obligations because the value of his properties drastically decreased. This impacted his ability to refinance and obtain new credit, but importantly, it also affected his rental income as the rental

market began a simultaneous decline.  The downward spiral in these markets was not the result of the Defendant's fraud.

22.    Indeed, the simultaneous impact of all these factors made it impossible for the Defendant to honor his existing debt obligations and forced him to file bankruptcy, an act the Court itself found to be in good faith.  Although unfortunate for all involved, an inability to pay one's debt does not constitute breach of fiduciary duty or fraud.  Accordingly, it is appropriate here to follow the view discussed above and dismiss the claim for breach of fiduciary duty against the Defendant.

**The Plaintiffs Fail to State a Claim for Elder Abuse**

23.    NRS 41.1395 provides a private cause of action for individuals against injury or loss suffered by older persons.  Plaintiffs' elder abuse claim fails, however, as Plaintiffs have not alleged facts sufficient to satisfy a claim under the statute.  NRS 41.1395(1) requires that any action for loss of money or property suffered by older persons be caused by "exploitation."  NRS 41.1395(4)(b) defines "exploitation" as any act taken by a person who has the trust and confidence of an older person to (1) [o]btain control, through deception, intimiation or undue influence, over the money, assets or property of the older person . . . or (2) convert money, assets or property of the older person with the intention to permanently deprive the older person of the ownership, use, benefit or possession of his assets, money or property.  NRS 41.1395(4)(b).  The Plaintiffs are sophisticated investors who cannot now claim to have been exploited simply because their real estate investments collapsed.

24.    Here, Plaintiffs failed to allege that Defendant obtained any property or money of the Plaintiffs through deception, intimidation or undue influence.  As set forth above and in the Complaint, Plaintiffs and Defendant were involved in a series of transactions where Defendant paid

the Plaintiffs periodically for the money they provided him.  Plaintiffs were sophisticated hard money lenders who routinely made loans to individuals, often secured by real estate.  The Plaintiffs should not be allowed to claim otherwise because it is convenient for the purposes of their Complaint.

25.    Furthermore, Plaintiffs failed to allege any facts whereby Defendant converted the money or assets of Plaintiffs with the intent to permanently deprive them of such money or assets.  As set forth above, and as alleged by the Plaintiffs, the Parties were involved in a series of transactions whereby the Defendant periodically paid the Plaintiffs for the money they invested in him.  Furthermore, the Defendant routinely made payments to Plaintiffs for approximately 5 years.  Plaintiffs have not stated any facts which even suggest that Defendant intended to permanently deprive the Plaintiffs of their money or property.  Absent proof of such intent, the Complaint fails as a matter of law.

26.    Accordingly, Plaintiffs failed to allege that they suffered a loss of money or property caused by "exploitation," as defined by NRS 41.1395(4)(b).  Plaintiffs have not set forth any factual allegations that (1) Defendant obtained Plaintiffs' money through deception, intimidation or undue influence and (2) Defendant converted Plaintiffs' money with the intention of permanently depriving them of it.  Therefore, Plaintiffs' elder abuse claim fails to state a claim for which relief can be granted and should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 8 of 10

## CONCLUSION

WHEREFORE, the Defendant respectfully requests the Court: dismiss the Plaintiffs' causes of action for (i) fraud, (ii) breach of fiduciary duty, (iii) elder abuse, and (iv) such other relief the Court deems just and proper.

Dated this 12th day of November, 2009.

Respectfully Submitted,

/s/ Samuel A. Schwartz, Esq.
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
626 South Third Street
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent on November 12, 2009, electronically via the Court's CM/ECF system to the following:

DAVID MINCIN on behalf of 3rd Party Plaintiff GLORIA LORTI
mcknightlaw@cox.net, gkopang@lawlasvegas.com; dmincin@lawlasvegas.com, cburke@lawlasvegas.com; mmcalonis@gmail.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov


I HEREBY CERTIFY that a true and correct copy of the foregoing was sent on November 13, 2009 VIA REGULAR Mail to the following:


Jeanette E. McPherson, Esq.
Nevada Bar No. 5423
Jason A. Imes, Esq.
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308

Lenard E. Schwartzer
Chapter 7 U.S. Trustee
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308


David Mincin, Esq.
Law Offices of Richard McKnight, P.C.
330 S. Third Street #900
Las Vegas, Nevada 89101
dmincin@lawlasvegas.com

John D. Schlotter, Esq. Georgia Bar No. 629456
1544 Old Alabama Road
Roswell, Georgia 30076-2102

McCalla Raymer
1544 Old Alabama Road
Roswell, Georgia 30076-2102
(Litton Loan Servicing)

Litton Loan Servicing, LP
P. O. Box 829009
Dallas, Texas 75382-9009


/S/Sonia Lucero

Sonia Lucero

Page 10 of 10